11WEIMER, Justice,
dissenting.
This matter involves a serious ethical lapse worthy of a substantial sanction. However, in individualizing the sanction, I cannot overlook the fact that this matter involves an attorney who had a spotless record for 27 years. At the time of the ethical lapse, in the prime of his life, Mr. Stoller suffered from the early onslaught of Parkinson Disease, which is degenerative and incurable, in addition to severe clinical depression and sleep deprivation. These afflictions resulted in the respondent taking a substantial quantity of medication under doctor’s orders, some of which was experimental in nature. It was during this time that the ethical lapse occurred.
The respondent suggests in brief these factors resulted in his ethical and moral compass, which had served him well in the legal community for almost three decades, becoming misaligned due to medical causes. There is medical testimony which corroborates this in addition to substantial lay testimony from prominent members of the bench and bar which establish that they witnessed a radical health and emotional change and that the ethical lapse was a complete aberration. Because this behavior is the antithesis of the behavior respondent exhibited throughout his career prior to the onset of this incurable and inescapable disease, it is not difficult to conclude there was causative affect.
In this matter, Mr. Stoller admitted and acknowledged his ethical lapse without equivocation. The hearing focused on mitigation. After hearing the evidence first bhand, the hearing committee recommended disbarment, a sufficiently severe sanction, because he actually profited from his misdeed. I would follow that recommendation, believing the ultimate punishment of permanent disbarment is not warranted, given the unique mitigating facts of this case. When disbarment is imposed, it is the respondent who must establish that he is worthy to be readmitted to the privilege of practicing law before he can ever practice law again.
Clearly, we must be cautious when one suggests that their sanction should be minimized due to an alleged “personal problem” under the ABA Standards. Such problems are part of the difficulties everyone encounters in life. One’s ethical and moral compass must remain steadfastly pointed in the proper direction when the inevitable tests occur. As judges, we must separate the legitimate reason from the convenient excuse. The majority is correct to be wary. I am convinced this behavior, although inexcusable, is an aberration.